SUN OIL CO. ET AL. *v.* BOARD OF ZONING APPEALS ET AL.

[Cite as Sun Oil Co. v. Board of Zoning Appeals, 9 Ohio Misc. 101.]

(No. 44870—Decided September 28, 1966.)

Common Pleas Court, Lake County.

*Messrs. Calfee, Fogg, McChord & Halter, Mr. F. Rush McKnight,* and *Mr. David P. Freed,* for the Appellants, Sun Oil Company et al.

*Mr. E. W. Mastrangelo,* for Appellees, Board of Zoning Appeals of Wickliffe, Ohio, et al.

SIMMONS, J. This is an appeal from a decision of the Board of Zoning Appeals, city of Wickliffe, refusing to allow a building permit to issue. The permit is wanted for construction of a gas station on the north side of Lakeland Boulevard, not within any intersection. The rear lot line of the property borders the right of way line of the Lakeland Freeway, a limited access highway. However, the only access to the proposed station will be from the boulevard.

The permit was denied by the board because the property does not have frontage on two streets, a requirement applicable to gas stations by Section 1313.30 (C) of the Wickliffe Zoning Ordinance.

The city has moved for dismissal of the appeal because of the claimed failure to perfect it within the ten-day requirement of Section 2505.07, Revised Code.

Appellant claims the board should be reversed: (1) Because the property conforms to the requirement of the ordinance; (2) because the requirement is unconstitutional per se; and (3) because it is unconstitutional as applied to this property.

After consideration of the transcript, additional evidence, briefs and the law, this court concludes:

I. The appeal was filed in accordance with law and the motion to dismiss is overruled.

II. The restriction of Section 1313.30 (C) is unconstitutional as it relates to these premises.

I. The minutes of the March 24, 1966, meeting of the board incorporating their decision were not approved until April 28, 1966, at the earliest. There is no evidence precisely when the notice of appeal was filed with the city. According to counsel for the city it was probably received May 4, 1966. The proof of service accompanying the notice states a copy was mailed to the board on May 3, 1966, so it is reasonable to believe that it reached city officials on the 4th.

The act of filing the minutes incorporating a decision of a Board of Zoning Appeals, following its approval of them, is essential to begin the running of the ten-day appeal period. Section 2505.04, Revised Code, states that, "An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission." Since, in this case, the earliest that a filing could have occurred was April 28, this appeal was commenced in time.

A municipality has no authority to modify the provision of Section 2505.07, Revised Code, by reducing or lengthening the time for appeal. Hence, Ordinance Section 1335.90 purporting to grant 30 days for appeal is not effective and is dangerously misleading. If it has any utility in this case it is by reference to the language which starts the 30-day appeal time running from the "filing" of the board's decision. Such language indicates that some act of filing was contemplated as an essential ingredient of the appeal process.

II. It appears from the evidence that the requirement of frontage on two streets was intended to restrict gas stations to parcels having access on two streets (Exhibits 5 and 6). The

section must be construed in the light of such intention and these premises do not conform to the requirement.

Any restriction in the use of private property imposed by zoning regulations must be supported by facts establishing that the public health, safety or welfare is in some way promoted. *Ordinance to Rezone,* 89 Ohio Law Abs. 430; *State, ex rel. Synod of Ohio,* v. *Joseph,* 36 Ohio Law Abs. 317 (Affirmed 139 Ohio St. 229); *State, ex rel. Husted,* v. *Woodmansee,* 86 Ohio Law Abs. 121. In the absence of evidence to the contrary such support will be presumed. *Curtiss* v. *City of Cleveland,* 170 Ohio St. 127.

But in this case the evidence is abundant that no public interest is served by the imposition of the two-street frontage restriction. No special traffic or other hazard is eliminated or lessened by confining gas stations to intersections. Further, it is evident that no such thought motivated the adoption of the restriction in 1961. On the contrary, the sole apparent purpose stemmed from the announced wish to curtail the number of gas stations within the city. Such a purpose is not an acceptable basis for zoning enactment. A city council should not concern itself with the rule of supply and demand as applied to particular businesses in exercising its authority. Nor may that authority be used to control competition within a certain category of business. *Henle* v. *City of Euclid,* 97 Ohio App. 258; *State, ex rel. Killeen Realty,* v. *East Cleveland,* 108 Ohio App. 99.

It is also apparent from the record that there is only one parcel within the entire length of Lakeland Boulevard that conforms to Wickliffe's present zoning relative to gas stations. That is the northwest corner of Lakeland Boulevard and Worden Road, now occupied by a Shell gas station. This court will take judicial notice that Lakeland Boulevard is a major roadway which parallels Lakeland Freeway through its traverse of the city and which serves as the main feeder road for traffic leaving and entering the freeway. In addition, it is a major conduit of local traffic. At the present time there are three gas stations within a half a mile of the proposed station. In the face of this it would be difficult for the city to justify its restriction even had it claimed and proved that some additional traffic congestion would result from the proposed installation. *State, ex rel. Husted,* v. *Woodmansee, supra.* But such claim was not made.

104

This court does not find the restriction unconstitutional per se since it need go no further than to find it unconstitutional in this case to remedy the wrong here.

Counsel for the appellant shall prepare a journal entry in accordance with this opinion and submit it to opposing counsel and the court for approval. The entry shall order the building inspector for the city of Wickliffe to issue the permit.

*Judgment accordingly.*