**GREEN, Appellant,**

v.

**SOUTH CENTRAL AMBULANCE DISTRICT, Appellee.**

[Cite as *Green v. S. Cent. Ambulance Dist.* (1997), 118 Ohio App.3d 24.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 96–A–0029.

Decided Jan. 28, 1997.

*Albert Leonetti,* for appellant.

*Mark Landes,* for appellee.

———————

JOSEPH E. MAHONEY, Judge.

Appellant, Edward Green, appeals a judgment of the Ashtabula County Court of Common Pleas affirming appellant's discharge from employment by appellee, South Central Ambulance District. For the reasons that follow, we reverse the judgment of the trial court.

The facts pertinent to this appeal are as follows. In 1987, appellant was employed by appellee as a paramedic. In the early morning hours of March 10, 1987, appellant was involved in a serious automobile accident and was charged, pursuant to R.C. 4511.19(A)(1), with operating a motor vehicle while under the influence of alcohol. Appellant, although off duty at the time of the accident, was scheduled to report to work at 8:00 that morning. Following the accident, appellee was notified by its insurance carrier that appellant was excluded from coverage.

On May 6, 1987, David M. Wilber, appellee's Director, notified appellant that, because appellant was uninsurable, he would recommend to the South Central Ambulance District Board ("board") that appellant's employment with appellee be terminated. This same letter requested that appellant attend the next regular meeting of the board, to be held on May 11, 1987, where appellant would be given the opportunity to answer the charges against him either personally or through a representative.

At the May 11, 1987 meeting, Wilber read a letter from appellee's insurance company stating that appellant was no longer an acceptable risk as a driver of any vehicle and was excluded from coverage. Appellee further inquired into the availability of insurance through another company, but was advised that coverage was not available.

The minutes of the meeting indicate that appellant was present without counsel. In his defense, appellant admitted that he lost track of time and had drinks after midnight when he should not have. Appellant did not deny that he was uninsurable as an ambulance driver. Rather, appellant requested that he be able to keep his job but not drive.

After discussion, the board agreed that driving was a job requirement and the ability to obtain insurance coverage was mandatory. The board voted unanimously to terminate appellant's employment. On or about May 11, 1987, appellant received a document signed by Wilber, advising appellant that his employment with appellee was being terminated. The reasons given for appel-

lant's dismissal included violating appellee's policy prohibiting the consumption of alcoholic beverages within eight hours of beginning a shift and the fact that appellant could not be insured to drive. This document also advised appellant, erroneously, that an appeal of the board's decision could be made to the State Personnel Board of Review.[1]

Appellant attempted to appeal the board's decision to the State Personnel Board of Review. Said appeal was dismissed for lack of jurisdiction. In August 1987, appellant properly filed a notice of appeal in the court of common pleas. By judgment entry dated November 16, 1993, the trial court concluded, based on appellee's motion to dismiss, that it lacked jurisdiction to go forward with the action because appellant had not filed a timely notice of appeal. The trial court further held that, based on a review of the evidence before the board, appellee did comply with the statutory procedures for removing appellant and that his discharge was warranted. The decision of the trial court was reversed by this court in *Green v. S. Cent. Ambulance Dist.* (Aug. 26, 1994), Ashtabula App. No. 93–A–1848, unreported, 1994 WL 587575.

In *Green,* this court noted that the record filed in this action contained a copy of the minutes of the board's meeting of May 11, 1987 where appellant's termination of employment was discussed. However, we noted that there was no indication as to whether these minutes were *approved and journalized* upon the books of the board. *Id.* at 6–7. Furthermore, this court noted that the notice appellant received from Wilber regarding appellant's discharge was insufficient to constitute a "decision" by the board. *Id.* at 5–6. Notwithstanding when the actual decision of the board was, or will be, journalized upon the board's records, this court held that appellant's notice of appeal was properly before the court of common pleas and appellee was estopped from asserting that the appeal was untimely filed because of the inaccurate information it provided appellant concerning his right of appeal. *Id.* at 7. As to the trial court addressing the merits of appellant's appeal, we held that appellant was not given an opportunity to demonstrate to the trial court the need to hear additional evidence under R.C. 2506.03. *Id.* at 9.

On remand, the trial court ordered that a complete transcript be filed, that motions to supplement would be entertained, and that briefs were to be filed. Appellee filed the record on October 3, 1994. The record again included a copy of the minutes from the board's meeting of May 11, 1987 and Wilber's letter to appellant regarding his discharge. However, as with the parties' earlier appeal,

---

1. R.C. 505.72(A), governing the dismissal of employees of a joint ambulance district, provides that "an appeal may be had from the decision of the board to the court of common pleas * * * within ten days [of the board's findings]."

the record before the trial court, and this court, contains no "decision" from the board. The minutes of the board's meeting of May 11, 1987 give no indication as to whether these minutes were approved and journalized upon the books of the board.

Following the submission of briefs by the parties, the trial court, by judgment entry dated March 27, 1996, determined that the statutory procedures for appellant's dismissal were substantially complied with and that sufficient evidence existed to justify his termination of employment with appellee.

From this judgment, appellant has filed a timely notice of appeal and now raises the following as error:

"1. The trial court erred in finding that [appellee] had properly journalized and notified [appellant] of his discharge.

"2. The record demonstrates a lack of credible evidence to support the discharge of [appellant], and the trial court erred in affirming the decision of [appellee] since it was not supported by the evidence.

"3. The trial court erred and abused its discretion in finding that substantial compliance with statutory requirements, as opposed to strict compliance, was sufficient on the part of [appellee].

"4. The trial court's finding of substantial compliance with statutory requirements is not supported by the evidence."

We do not reach the merits of appellant's arguments as the record before this court contains no final order from which appellant's appeal could be perfected.

R.C. 2506.01, which governs administrative appeals, provides:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code, except as modified by this chapter.

"The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."

R.C. 2505.07, which sets forth the time for perfecting an appeal, states:

"After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."

Regarding the finality of the board's decision in the case *sub judice,* this court previously stated:

" 'It is well settled that a court [of] record speaks only through its journal or judgment entry and not by oral pronouncements or a mere written minute or memorandum. The filing of the journal entry is necessary to start the running of time in which an appeal may be perfected. * * * It is clear that R.C. 2505.07, which applies to an administrative board, requires a final entry or order to start the running of the period of time within which an appeal may be perfected. In *State, ex rel. Hanley v. Roberts* (1985), 17 Ohio St.3d 1, 17 OBR 1, 476 N.E.2d 1019, the court held that the final entry of an administrative board should be the written minutes of the meeting which must be journalized before an appeal from such decision may be taken pursuant to R.C. 2506. Until the written record is made and approved, the decision is subject to all the vagueness and uncertainty that characterize oral pronouncements and lacks the degree of finality necessary for appeal. * * *.' (Citations omitted.)" *Green,* 93–A–1848, *supra,* at 6, citing *Sea Lakes, Inc. v. Lipstreu* (Sept. 18, 1992), Portage App. No. 91–P–2391, unreported, at 6, 1992 WL 348154.

In *Sea Lakes, supra,* this court noted the specific procedure a board must follow before its minutes will be deemed to have been properly approved and journalized:

" 'The minutes are reduced to written form when the secretary transcribes the notes of the board's meeting. They are approved when the board passes a motion adopting them as written or amended. Finally, they are considered filed when they are signed by the appropriate officer and recorded on the books of the board as part of its permanent record. The date of the filing can be assumed to be the date the minutes were adopted, unless a different procedure is otherwise clearly established by the board.' " *Sea Lakes,* at 7, quoting *Rider v. Lynch* (Apr. 20, 1983), Summit App. No. 10935, unreported, at 2, 1983 WL 4062.

As with our earlier decision with these same parties, the record before this court contains a copy of the minutes of the board meeting at which appellant's removal was discussed. There is no indication that the board's minutes were approved or journalized. "Until the board's minutes are approved and journalized, they are subject to change and, therefore, are not final." *Sea Lakes, supra,* at 7.

Notwithstanding the fact that the board's minutes have not been approved and journalized, the trial court in its judgment entry, ruled that the board's decision to terminate appellant's employment with appellee was formalized in the May 11, 1987 document appellant received from appellee's director, Wilber. The trial court, in our earlier decision, was specifically instructed that this "notice" did "not constitute a 'decision' rendered by the board." *Green,* 93–A–1848, *supra,* at 6.

We reiterate what we held in the parties' first appeal. Because the record before this court fails to contain the approved and journalized minutes of the board's decision, we once again reverse the trial court's judgment. The matter is remanded to the trial court with the instruction that it is to enter a dismissal of this matter for want of jurisdiction since appellee has yet to properly conclude this matter at its level consistent with both the rationale of our prior mandate and the mandate in this opinion.

*Judgment reversed
and cause remanded.*

FORD, P.J., and NADER, J., concur.