CORNACCHIONE, Appellant,

v.

**AKRON BOARD OF ZONING APPEALS, Appellee.**

[Cite as *Cornacchione v. Akron Bd. of Zoning Appeals* (1997), 118 Ohio App.3d 388.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17882.

Decided Feb. 26, 1997.

*Augustin F. O'Neil,* for appellant.

*Bruce D. Kelley,* Assistant Director of Law, for appellee.

QUILLIN, Judge.

Appellant, Emilio J. Cornacchione, appeals from the judgment of the Summit County Common Pleas Court dismissing his administrative appeal. We reverse and remand.

Appellant owns a parcel of property in Akron, on which sits a two-family dwelling that does not conform to the city's zoning code. Due to the violations, the Building Inspection Division served an order on appellant to immediately bring his property into compliance. Appellant appealed to the Akron Board of Zoning Appeals, appellee in this case, seeking a variance to the code that would allow him to retain his noncomplying wooden deck and front stairs.

Appellee actually heard appellant's case twice, but it is only the second hearing that is relevant here. The second hearing was held November 22, 1995. The result of that hearing was a decision by appellee to grant the variance under certain conditions. Appellee approved the minutes of this meeting on December

13, 1995. Appellant received a copy of them by mail sometime after January 18, 1996.

On February 16, 1996, appellant filed his notice of appeal in the Summit County Court of Common Pleas. Appellee filed a motion to dismiss the appeal as untimely. The lower court granted appellee's motion, finding that the time to perfect the appeal began to run on December 13, 1995, when the meeting minutes were approved. Appellant appeals the dismissal of his case, presenting one assignment of error:

"The trial court committed error and denied appellant his right to due process of law under the Fourteenth Amendment to the United States Constitution by dismissing his administrative appeal as untimely, when notice of appeal was filed and served on appellee within the time required under R.C. 2505.07 after appellee had served appellant a copy of its order by U.S. mail."

R.C. 2505.07 states, "After the entry of a final order of an administrative * * * board, * * * the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." Appellee argues that the time to perfect appeal begins to run under this statute on the date its decision is finalized in writing. Appellant argues that due process requires that he be notified of the final decision before time can begin counting down.

Prior to August 1986, appellee's argument would most likely have been sustained in light of this and other courts' prior rulings. We find, however, that the Ohio Supreme Court has since made clear that reasonable notice of a final order is essential to due process and fundamental to the right of appeal. In *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 296, 25 OBR 343, 345–346, 496 N.E.2d 466, 468, the state's high court stated, "[W]e find that failure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution in all pending and future cases."

The Ohio Supreme Court has taken the opportunity to buttress the holding in *Moldovan* on several occasions. In *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 85, 523 N.E.2d 851, 856, the court stated:

"By developing a process of appellate review, states provide litigants with a property interest in the right to appeal. Clearly litigants cannot be deprived of this right without being granted due process of law.

" * * *

"On a more practical level, procedural due process places upon the government the duty to give reasonable notice, and an opportunity to be heard, to those

whose interests in life, liberty or property are adversely affected by governmental action." (Citation omitted.)

*Atkinson* goes on to say, "In summation, *Moldovan* requires that parties to a judgment be given reasonable notice of a final appealable order." *Id.* at 86, 523 N.E.2d at 857.

Because the case at bar involves an appeal from an administrative board to a court of common pleas, we find *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 554 N.E.2d 1324, particularly instructive. Although that case was interpreting a different statute, the reasoning is applicable. In *Swander Ditch,* the Ohio Supreme Court stated:

"In the case before us, the appeal is from an agency of local government to a trial court. To the extent that the trial court is where the appeal from the county commissioners under R.C. 1515.24 is first heard, the reasoning in *Moldovan* and *Atkinson* is applicable. It is apparent that adequate notice of one's right to appeal from an order of the board of county commissioners is as important as it is to one appealing from the decision of a trial court to a court of appeals." *Id.* at 133, 554 N.E.2d at 1327.

Appellee attempts to distinguish *Swander Ditch* by arguing that R.C. 1515.24 is much less precise than R.C. 2505.07 in that it fails to specify when the period to file an appeal begins to run. This is not entirely correct. A reading of both statutes suggests that the time begins to run upon final entry of the judgment. What R.C. 1515.24 does fail to establish, as the court in *Swander Ditch* duly noted, is any requirement on the administrative board to give the interested party notice of the final order. *Id.* R.C. 2505.07 is equally imprecise. The court referred to the absence of such a requirement as unfortunate, and proceeded to hold that reasonable notice was required, stating, "The right to be heard on appeal provided in R.C. 1515.24 has little value unless a party desiring to appeal is afforded proper notice of the board's order." *Id.*

Appellee argues that no violation of due process occurred in this instance because appellant received actual notice of appellee's decision at the November 22 board meeting when the decision was announced. "[T]he time for appeal 'does not commence upon a mere verbal announcement of the decision.'" *State ex rel. Hanley v. Roberts* (1985), 17 Ohio St.3d 1, 4, 17 OBR 1, 3–4, 476 N.E.2d 1019, 1022, quoting *Sun Oil Co. v. Bd. of Zoning Appeals* (C.P.1966), 9 Ohio Misc. 101, 102, 38 O.O.2d 152, 153, 223 N.E.2d 384, 385–386. "'That there be a permanent, written record of some nature is implicit and inherent in the use of the word "entry" [in R.C. 2505.07].'" *Hanley* at 5, 17 OBR at 4, 476 N.E.2d at 1022, quoting *Lakewood Homes v. Bd. of Adjustment* (1971), 25 Ohio App.2d 125, 131, 54 O.O.2d 306, 309, 267 N.E.2d 595, 599. Further, *Atkinson* states, "It is not

inconceivable that the judge in this or any other case might change his mind between the time of announcing a decision and the filing of a judgment entry." *Atkinson, supra,* 37 Ohio St.3d at 83, 523 N.E.2d at 854. Accordingly, we find that the oral announcement of appellee's decision on November 22 was insufficient to constitute notice of appellee's final order.

Appellee also cites *Centerville Bd. of Tax Appeals v. Wright* (1991), 72 Ohio App.3d 313, 594 N.E.2d 670, for the proposition that the revision of R.C. 2505.07, eliminating references such as "journal entry" and "journalization," was intended to allow agencies the freedom to adopt their own rules and procedures to determine the finality of their orders. *Centerville* goes on to say, however, "The fundamental requirements of due process are reasonable notice and an opportunity to be heard. * * * Mechanisms for notice do not involve entry in a journal but, instead, contemplate and employ some form of delivery to the party affected or to his legal representative." *Centerville* interprets the statutory revision to allow an administrative agency the freedom to record its decisions in any reasonable manner it chooses (as opposed to specifically requiring a journal). It does not support the proposition, as appellee claims, that such an agency has the freedom to adopt a procedure that denies interested parties reasonable notice of its final orders.

We conclude, then, that there are two requirements which must be met before an order of an administrative board becomes final and appealable under R.C. 2505.07. *Hanley* and *Atkinson* require the decision be put in some final, written form. *Moldovan, Atkinson,* and *Swander Ditch* require that the time within which to perfect an appeal under R.C. Chapter 2505 cannot begin to run until a copy of the final decision is mailed to the interested party or such party's attorney. Although this is not clearly prescribed by R.C. 2505.07, the absence of such a requirement would unfairly diminish the right to appeal and thereby violate an appellant's right to due process.

In this case, the envelope mailed to appellant containing appellee's final order was postmarked January 18, 1996. Appellant filed his notice of appeal in the lower court on February 16, 1996, within the thirty-day requirement. It was error for the lower court to dismiss appellant's appeal as untimely. The dismissal is reversed and the cause is remanded to the trial court for consideration on the merits.

*Judgment reversed*
*and cause remanded.*

DICKINSON, P.J., and BAIRD, J., concur.