This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant, the City of Green Planning and Zoning Commission ("Commission"), appeals from the Summit County Court of Common Pleas' order that concluded that the Commission's approval of a project was unsupported by the evidence. We reverse.
B.M.R. Development Corporation ("B.M.R.") sought approval for an apartment complex project from the Commission. During the approval process, B.M.R. requested a variance. This court affirmed a trial court's decision that allowed for a variance, but did not address final approval of the project. See BMRDevelopment Corp. v. City of Green (Aug. 20, 1997), Summit App. No. 18173, unreported, at 9-10. Thereafter, B.M.R. again sought approval for the project. Upon approval by the Commission, Raintree Estate Homeowners Association appealed to the trial court. The trial court concluded that the approval was unsupported by a preponderance of reliable, probative, and substantial evidence.
The Commission timely appealed and has raised two assignments of error.
 ASSIGNMENT OF ERROR I The trial court erred when it found that the Raintree Estates Homeowners Association properly perfected its Chapter 2506 administrative appeal of the November 12, 1997 Green Planning and Zoning Commission approval of the Villas at Prestwick Project.
The Commission contends that because Raintree did not file its notice of appeal until December 15 or 19, 1997, Raintree's appeal was not perfected. The Commission points to the November 12, 1997, meeting date and avers that the submission of the notice of appeal more than thirty days after that date constituted an unperfected appeal. We disagree.
According to R.C. 2505.07, "[a]fter the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." Pursuant to R.C. 2505.04, an appeal from an administrative agency is perfected by filing a notice of appeal with the administrative agency. The time for appeal commences with respect to a decision of an administrative agency when the decision is approved. See Green v. S. Cent.Ambulance Dist. (1997), 118 Ohio App.3d 24, 28-29. See, also,Cornacchione v. Akron Bd. of Zoning Appeals (1997), 118 Ohio App.3d 388,391-92, appeal not allowed 79 Ohio St.3d 1445.
In this case, the decision rendered on November 12, 1997, was approved by the chairman of the Commission on December 10, 1997. Whether the notice of appeal was submitted to the Commission on December 15, 1997, or December 19, 1997, the notice was timely filed because it was filed within thirty days of December 10, 1997. Accordingly, the Commission's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred when it found that the November 12, 1997 Green Planning and Zoning Commission approval of the Villas at Prestwick Project was unsupported by a preponderance of substantial, reliable and probative evidence.
The Commission contends that the trial court erred when it concluded that the Commission's approval of the project was unsupported by the preponderance of substantial, reliable, and probative evidence. We agree.
R.C. 2506.04 provides in part:
 The court may find that the order, adjudication, or decision is * * * unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.
This court has outlined the scope of appellate review of a trial court's decision when it relates to the review of an administrative decision as follows:
 When reviewing an administrative decision, a common pleas court acts in a "limited appellate capacity." * * * Decisions of a board of zoning appeals are presumed to be valid. * * * If there is in the record a preponderance of reliable, probative, and substantial evidence to support the administrative decision, the common pleas court must affirm. * * * An appellate court's review of the common pleas court's decision in an administrative matter is even more limited and requires the appellate court "to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative, and substantial evidence." * * *
(Citations omitted.) BMR Development Corp. v. City of Green (Aug. 20, 1997), Summit App. No. 18173, unreported, at 4-5.
In this case, the judgment entry of the trial court concludes:
 [T]his court finds that the decision rendered by the Commission is unsupported by the preponderance of substantial, reliable, and probative evidence and thus remands this case to the City of Green Planning and Zoning Commission and orders that the Commission continue with the approval process.
In its judgment entry, the trial court focused on the fact that one of the Commission members expressed an opinion at the meeting that this court's prior opinion that affirmed the variance also mandated that the Commission approve the project. As noted by another member of the Commission during the hearing, however, this court's prior opinion dealt only with the issue of whether a variance should have been granted and specifically noted that the approval of the project would not be addressed. See BMRDevelopment Corp. v. City of Green (Aug. 20, 1997), Summit App. No. 18173, unreported, at 9-10.
Despite Appellant's contention that the Commission "just `rubber stamped' the project because [it] felt that it had no authority to review, deliberate or decide whether the proposed project was a proper use of the property," the balance of evidence presented before the Commission indicates that the variance issue previously addressed by this court was one of many factors considered. Commission members reviewed the criteria for project approval contained in Codified Ordinances of Green 1262.07(D) (2), which provides that in reviewing a final development plan, the Commission must consider whether:
 A. The plan is consistent with any comprehensive plan for the orderly development of the City;
 B. The appropriate use and value of property within and adjacent to the area will be safeguarded.
 C. The development will result in a harmonious grouping of buildings within the proposed development and in relationship to existing and proposed uses on adjacent property.
 D. The development will have adequate public service, parking and open spaces.
 E. The plan, to the extent practical, will preserve and be sensitive to the natural characteristics of the site.
 F. Adequate provision is made for safe and efficient pedestrian and vehicular circulation within the site and to adjacent property.
 G. Adequate provision is made for storm drainage within and through the site so as to maintain, as far as practicable, usual and normal swales, watercourses and drainage areas, and the same shall comply with any applicable regulations or design criteria established by the City or any other governmental entity which may have jurisdiction over such matters.
 H. If the project is to be carried out in progressive stages, each stage shall be so planned that the foregoing conditions are complied with at the completion of any stage.
The Long Range Plan for development implemented by the City of Green on February 11, 1997, designated the area in question for "Medium Density Single Family Residential" development. Residential density under this Plan can be no greater than four to five units per acre; no more than six single-family units may be attached. Testimony at the hearing established that the Prestwick development was not in conformity with the Long-Range Plan. It was noted, however, that this proposal was submitted prior to the institution of the Plan and, further, that no action had been taken as of the date of the hearing to implement the Plan. Testimony from the Planning Director indicated that the Prestwick development met zoning requirements with respect to open space, separation of buildings, and parking. The appellees had provided a landscaping plan for review. Review by the Engineering and Fire Departments indicated compliance with applicable regulations, but noted that the City had requested installation of a larger pipe in a storm sewer extension. The Zoning Department noted that the proposed tennis courts would require a variance at their current location and that one of three proposed signs was larger than the maximum permitted square footage. B.M.R. agreed to relocate the tennis courts and to reduce the size of the sign. B.M.R. also commented that it did not contemplate an increase in traffic congestion due to the new development.
Given this evidence, the staff recommendation to the Planning Commission found that because (1) a variance had been granted, as addressed previously by this court; (2) a density study had been completed; and (3) the proposed development was in compliance with the criteria described in Codified Ordinances of Green 1262.07, it would "be very difficult to recommend anything other than a conditional approval of the final development plan." Although Mr. Roberto expressed frustration with this court's previous holding, his statement acknowledged B.M.R.'s compliance with the applicable standards:
 The problem that I see that we have as a Commission tonight is that this case has already been argued in court and the court already covered the specific arguments that were made. We do not have any option as long as they are in compliance with the signs and the setback we cannot deny the project [sic]. * * * The project was zoned prior to the implementation of the Long-Range Plan[.] * * * I don't see where we have any legitimate legal basis to vote against this project.
(Emphasis added.) This statement, viewed in the appropriate context and in its entirety, does not render the Commission's decision unsupported by a preponderance of reliable, probative, and substantive evidence.
Accordingly, we conclude that the trial court erred as a matter of law in determining that the Commission's decision to approve the project was not supported by a preponderance of reliable, probative, and substantial evidence. The Commission's second assignment of error is well taken.
The Commission's first assignment of error is overruled. The second assignment of error is sustained, and the judgment of the Summit County Court of Common Pleas is reversed.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR