JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
In a single assignment of error, plaintiff-appellant Kevin Stewart appeals from the entry of the Hamilton County Court of Common Pleas dismissing his administrative appeal of the Cincinnati Civil Service Commission's decision terminating his employment. Because Stewart filed his appeal more than thirty days after the entry of the commission's decision, the trial court correctly ruled that it lacked jurisdiction to hear the appeal.
The commission upheld Stewart's dismissal from the city's Department of Public Service for neglect of duty. The trial court concluded that the commission's decision became a final order on August 8, 2003, the date that written notice of the decision was mailed to Stewart, at his address of record, and to his counsel. Stewart filed a notice of appeal in the trial court on September 12, 2003 — thirty-six days after the entry of the decision. The trial court dismissed the appeal, as it was filed beyond the thirty-day period established by R.C. 2505.07 for bringing an appeal from the final order of an administrative board. See, also, R.C.2506.01.
In New Haven Missionary Baptist Church v. Norwood (Aug. 22, 1997), 1st Dist. No. C-961046, this court held that "[t]he fundamental requirements of due process, reasonable notice and an opportunity to be heard, are not curtailed when an administrative board provides written service of its decision on the party affected or its legal representative. Upon proper written service, the party has full notice of its right to judicial review, and the period for appeal begins." (Emphasis added.) SeeCornacchione v. Akron Bd. of Zoning Appeals (1997), 118 Ohio App.3d 388,392, 692 N.E.2d 1083
The August 8, 2003, written notice received by Stewart's counsel provided a full opportunity for judicial review of the commission's decision. While Stewart claims that the written notice directed to him was sent to the wrong address, he states in an affidavit attached to his response to the city's motion to dismiss that he received actual notice of the commission's decision from his counsel on August 14, 2003.
As Stewart's appeal to the trial court was not timely filed within the period commencing on August 8, 2003, that court did not have jurisdiction to hear the case. See R.C. 2505.07. The assignment of error is overruled. The trial court's judgment dismissing the appeal for lack of jurisdiction is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.