SWANDER DITCH LANDOWNERS' ASSOCIATION ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* JOINT BOARD OF HURON AND SENECA COUNTY COMMISSIONERS, APPELLANT AND CROSS-APPELLEE.

[Cite as Swander Ditch Landowners' Assn. *v.* Joint Bd. of Huron & Seneca Cty. Commrs. (1990), 51 Ohio St. 3d 131.]

(No. 88-2014—Submitted January 9, 1990—Decided May 30, 1990.)

132

*James T. Ball,* for appellees and cross-appellants.

*Michael R. Fegen,* prosecuting attorney, and *Richard E. Grimes,* for appellant and cross-appellee.

MOYER, C.J. The first question presented is whether a notice of right

to appeal from an order made pursuant to R.C. 1515.24 must be served upon a party's attorney of record before the thirty-day statute of limitations period provided therein commences to run.

The party's right to appeal from a decision of the board of county commissioners is provided in R.C. 1515.24, which states in part:

"* * * Upon hearing the objectors the board may amend and shall approve the final schedule of assessments by journal entry.

"Any owner whose objection is not allowed may appeal within thirty days to the court of common pleas of the county in which the property is located."

Unfortunately, R.C. Chapter 1515 establishes no requirements upon a board of county commissioners to give either the party or a party's attorney notice of an order issued pursuant to R.C. 1515.24. In this case, the party was given notice of the order and the time within which an appeal must be filed but his attorney was not.

The only other statutory provision that could arguably determine the obligation of the board of county commissioners under these facts is R.C. 2506.01. However, that section and the other sections of the Revised Code to which it refers do not speak to the giving of notice to the parties or their attorneys of an order of the board of county commissioners.

We therefore look next to the law of this court with respect to appeals within the judicial system from the decision of a trial court.

In *Moldovan* v. *Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St. 3d 293, 294, 25 OBR 343, 344, 496 N.E. 2d 466, 467, we held that the failure of the trial court to serve notice of its final appealable order on the plaintiff or her attorney, whose names and addresses were known, frustrates the purpose of law and justice. We further expressly applied Civ. R. 5 to appellate proceedings in *Atkinson* v. *Grumman Ohio Corp.* (1988), 37 Ohio St. 3d 80, 86, 523 N.E. 2d 851, 857.

Civ. R. 5 provides:

"(A) Service: when required. Except as otherwise provided, * * * every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment * * * shall be served upon each of the parties. * * *

"(B) Service: how made. Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service upon the party himself is ordered by the court. * * *"

*Moldovan* and *Atkinson* stand for the proposition that if a right of appeal from a trial court's judgment is to have meaning, the parties to the judgment or their attorneys of record must be given notice of the judgment before the time for appeal begins to run.

In the case before us, the appeal is from an agency of local government to a trial court. To the extent that the trial court is where the appeal from the county commissioners under R.C. 1515.24 is first heard, the reasoning in *Moldovan* and *Atkinson* is applicable. It is apparent that adequate notice of one's right to appeal from an order of the board of county commissioners is as important as it is to one appealing from the decision of a trial court to a court of appeals.

The right to be heard on appeal provided in R.C. 1515.24 has little value unless a party desiring to appeal is afforded proper notice of the board's order. See *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314. We hold that Civ. R. 5 applies to an appeal from an order of a board of

county commissioners pursuant to R.C. 1515.24.

As provided by Civ. R. 5(B), when service is required to be made upon a party who is represented by an attorney of record, service should be made upon the attorney unless the court expressly orders that it be served on the party. As explained in the Staff Note to Civ. R. 5(B), the rule requires that "* * * [a] pleading or paper subsequent to the original complaint should be served upon the attorney of record in the proceedings if the opposite party is represented by an attorney. * * *" The reasoning for the requirement that an attorney of record be served is that a party represented by counsel usually speaks through his counsel. Counsel is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the action to be taken.

The record indicates that the board did not send the required notice to the attorney of record representing the landowners. Even though notice was sent the landowners, Civ. R. 5(B) requires that timely notice of right to appeal be sent to the attorney of record. As the record indicates, landowner Ball contends that his failure to timely inform his attorney of the notice was due to his erroneous interpretation of the content of the document as not requiring any other action beyond counsel's complaint of August 7, 1984. Had the notice been sent to the attorney, he would have known the legal significance of the notice.

For the foregoing reasons, the judgment of the court of appeals on this issue is affirmed.

We next consider the declaratory judgment issue.

Plaintiffs contend that a party need not exhaust his administrative remedies under R.C. 1515.24 and may seek declaratory relief where ongoing revision of the subject tax plan renders R.C. 1515.24 entirely ineffective, unduly onerous and burdensome, and incapable of fully and completely resolving the issues therein. In support of this contention, plaintiffs indicate that the board has revised its initial tax assessment and added a $31,000 maintenance charge to the total cost of the project. These additional assessments are the subject of a third appeal to the court of common pleas in *Swander III.*

R.C. 2721.02 provides: "Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the legal effect of a final judgment or decree."

Civ. R. 57 (declaratory judgments) provides: "The procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. * * *"

" 'This act [the Declaratory Judgments Act] is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.' " *Radaszewski* v. *Keating* (1943), 141 Ohio St. 489, 496, 26 O.O. 75, 78, 49 N.E. 2d 167, 170, citing former G.C. 12102-12.

A declaratory judgment remedy is not an alternative remedy in the sense that it is always available even though there may be grounds for full relief in equity or at law. *Schaefer* v. *First*

*Natl. Bank of Findlay* (1938), 134 Ohio St. 511, 518, 13 O.O. 129, 132, 18 N.E. 2d 263, 267. The remedy may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the uniform Declaratory Judgments Act and a real controversy between adverse parties exists which is justiciable in character and speedy relief is necessary to the preservation of rights that may be otherwise lost or impaired. *Schaefer, supra,* at paragraph three of the syllabus.

Plaintiffs are not required in all cases to exhaust administratively provided remedies before bringing a declaratory judgment action. *Id.* at paragraph four of the syllabus. Generally, though, the rule is that proceedings for declaratory relief will not be entertained where another "equally serviceable" remedy has been provided for the character of the case at hand. *Radaszewski, supra,* at 498, 26 O.O. at 79, 49 N.E. 2d at 171.

The effect of the "another adequate remedy" language in Civ. R. 57 is to validate a declaratory judgment action even though there is available an alternative but nonexclusive remedy which could provide the relief sought. *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263, 269, 71 O.O. 2d 247, 250, 328 N.E. 2d 395, 400.

We observe that R.C. 1515.24 provides a procedure for challenging assessments upon real estate; however, there is no indication that the statute is meant to be the exclusive procedure for such a challenge. Neither the statutory language nor our past decisions so indicate. Hence, the relevant inquiry is whether the statute provides an equally serviceable remedy in this case as does a declaratory judgment action.

The subject of the appeal in *Swander I* dealt with the propriety of including Swander Ditch in the project area. However, in *Swander II*, plaintiffs not only contended that Swander Ditch was not properly includable in the project area but also that the assessments were improperly calculated. As the court of appeals indicated, the assessment question cannot be resolved in the *Swander I* appeal. Plaintiffs are thus forced to go through the appeal process again just to determine this question, as is evidenced by the action in *Swander III*. This process results in inefficient use of judicial resources and unnecessary expenses to the parties. As we held in *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265, 50 O.O. 2d 491, 257 N.E. 2d 355, at paragraph one of the syllabus, "[w]here an administrative practice requires a party to incur substantial expense to obtain an administrative determination of a question which, standing alone, would not require such expense, the administrative remedy to determine the question is not equally as serviceable as an action for a declaratory judgment."

The declaratory judgment complaint will determine the issues of the propriety of including Swander Ditch in the project area as well as the assessment questions, thus resolving all issues in one proceeding. This is a more serviceable option than the numerous appeals required by the administrative process. Under the circumstances of this case, declaratory judgment is an available alternative to an unnecessarily onerous administrative remedy. *Burt, supra,* at 268, 50 O.O. 2d at 493, 257 N.E. 2d at 357.

For the foregoing reasons, the judgment of the court of appeals on this issue is reversed and the cause is remanded to the trial court.

*Judgment affirmed in part, reversed in part and cause remanded.*

Sweeney, Holmes, Douglas, Wright, H. Brown and Bowman, JJ., concur.

Donna Bowman, J., of the Tenth Appellate District, sitting for Resnick, J.