BALLADO, Appellant,

v.

**CITY OF CLEVELAND HEIGHTS et al., Appellees.**

[Cite as *Ballado v. Cleveland Hts.* (1991), 76 Ohio App.3d 497.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59509.

Decided Dec. 9, 1991.

*Roy M. Kaufman,* for appellant.

*John H. Gibbon,* Director of Law, and *Laure A. Wagner,* Assistant Director of Law, for appellees.

PATTON, Judge.

Plaintiff-appellant Herminio Ballado appeals from the judgment of the trial court dismissing appellant's administrative appeal for failure to file a supersedeas bond under R.C. 2505.06. Appellant appealed a decision rendered by the Cleveland Heights Architectural Board of Review (the "board") which denied his application to renovate his two-family residence by enclosing porches in the back of his house with a certain type of siding known as T1–11. This siding was made of plywood, stained to match the brick on the house.

The pertinent facts are as follows: Appellant began making these renovations without first obtaining a building permit from the city of Cleveland Heights (the "city"). A notice of code violation was issued, which ordered him to first obtain a building permit, but appellant did not respond. The city then filed a summons and complaint, which charged him with failing to obtain a building permit and prior approval from the board for his renovations.

Appellant then submitted an application to the board. At this time, half of the T1–11 had been installed. The board denied his application, reasoning that the siding he wished to put up did not conform to the original design of the residential structure, and ruled that only horizontal lap siding could be used.

Appellant filed a notice of appeal from this administrative decision. He did not file a supersedeas bond. The city and the board jointly filed a motion to dismiss for failure to file the bond pursuant to R.C. 2505.06. The trial court dismissed the appeal. Appellant appeals this decision and assigns one error for our review:

"The trial court erred when it granted defendant-appellees' motion to dismiss for lack of jurisdiction."

Appellant argues that because his appeal concerns only questions of law and not fact, no supersedeas bond was required. He relies upon the plain language and intent of R.C. 2505.06. That section reads:

"Except as provided in section 2505.12 of the Revised Code, no administrative-related appeal shall be effective as an appeal upon *questions of law and fact* until the final order appealed is superseded by a bond in the amount and with the conditions provided in sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed." (Emphasis added.)

We need not decide today whether a supersedeas bond is required *only* when questions of law and fact are presented because appellant's notice of appeal dealt with questions of both law and fact, thus rendering R.C. 2505.06 applicable to the instant case.

Appellant's notice of appeal from the board's decision contained questions of law, such as whether a constitutional infringement had occurred, as well as questions of fact, such as whether the value of his property was impaired and how much expense he was forced to incur as a result of the board's adverse ruling.

The Fifth Appellate District in *Adrian, Inc. v. Parrot* (Nov. 30, 1990), Delaware App. No. 90–CA–31, unreported, 1990 WL 200315, held that a supersedeas bond need not have been filed when the notice of appeal contained only a question of law, to wit, whether the decision of the county

commissioners was arbitrary, capricious and unreasonable. Moreover, the notice of appeal in *Adrian* explicitly stated that "[t]he Appeal is on questions of law." *Id.* at 3.

In this case, because appellant requested the court to review both questions of law and fact, he was required to file a supersedeas bond.

Appellant's arguments are not well taken and the judgment of the lower court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON, P.J., and SPELLACY, J., concur.