FOX et al., Appellants,

v.

CITY OF LAKEWOOD et al., Appellees.

[Cite as *Fox v. Lakewood* (1992), 84 Ohio App.3d 202.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61119.

Decided Dec. 14, 1992.

*Gerald W. Phillips,* for appellants.

*Michael E. Murman,* Law Director, for appellee Lakewood.

*Rich J. Carbone,* for appellee Regional Income Tax Agency.

HARPER, Judge.

## I

Appellants John P. Fox and his wife Jean Fox appeal the dismissal of their action against the city of Lakewood ("the city") and Regional Income Tax Agency ("RITA") by the Cuyahoga County Court of Common Pleas. Following our review, we affirm in part and reverse and remand in part.

## II

On September 14, 1989, the city's law director determined that a Subchapter S corporation formed by the Foxes was taxable under Lakewood Codified Ordinance 128.0901. The director issued a memorandum to that effect. It was later discovered that the Foxes had not filed tax returns or paid municipal taxes for a four-year period beginning 1984 and ending 1987. RITA adjusted the Foxes'

income tax liability for the years in question and subsequently billed them $1,568.27 as additional taxes including interest and penalties.

On October 9, 1989, one day to the due date, the Foxes wrote a check to RITA for the full amount owed. RITA negotiated the check without a protest.

On November 16, 1989, the Foxes appealed the amended tax liability to the city's Income Tax Review Board ("the board"). The board, upon a hearing held on May 21, 1990, ruled against the Foxes and upheld the amount of tax liability as amended. The board's decision was released on June 4, 1990. On June 5, 1990, the notice of the board's decision was mailed to the attorney for the Foxes. On July 5, 1990, the Foxes appealed the board's decision on questions of law and fact to the city's law department.

The Foxes also filed a complaint in the Cuyahoga County Court of Common Pleas on July 5, 1990, seeking (1) recovery of the additional monies paid to RITA pursuant to R.C. 2723 *et seq.;* (2) a declaratory judgment; (3) injunctive relief; and (4) administrative review of the board's denial of their relief pursuant to R.C. Chapter 2506.

On August 8, 1990, defendants filed a motion to dismiss, arguing that appellants failed (1) to file a supersedeas bond pursuant to R.C. 2505.06 with the administrative appeal to the common pleas court; (2) to file a praecipe with the administrative review to the court of common pleas pursuant to R.C. 2506.02; (3) to make the state Attorney General a party to the complaint pursuant to R.C. 2721.12, before a declaratory judgment relief could be had; and (4) to pursue administrative review to the exclusion of all other claims for relief.

Appellants filed a motion on August 14, 1990 to amend their complaint to attach a praecipe which was granted on August 24, 1990.

On August 28, 1990, appellants filed the transcript and exhibits of the hearing before the board in the court of common pleas. Appellants also filed a motion in opposition to the motion to dismiss.

On December 5, 1990, the trial court granted the motion to dismiss, without opinion.

## III

Appellants filed the following assignments of error for our review:

### "I.

"The trial court erroneously dismissed appellants' cause of action and claim for relief for the recovery of illegal and erroneously levied and collected taxes for

lack of jurisdiction, since, pursuant to Ohio Revised Code Section 2723.01, the trial court had jurisdiction of such cause of action and claim for relief.

### "II.

"The trial court erroneously dismissed appellants' cause of action and claim for relief for a declaratory judgment for lack of jurisdiction since, pursuant to Ohio Revised Code Section 2721.02, the trial court had jurisdiction of such cause of action and claim for relief.

### "III.

"The trial court erroneously dismissed appellants' cause of action and claim for relief for injunctive relief for lack of jurisdiction since, pursuant to Ohio Revised Code Section 2721.03, the trial court has jurisdiction of such cause of action and claim for relief.

### "IV.

"The trial court erroneously dismissed appellants' cause of action and claim for relief for their appeal from an order of an administrative officer and agency for lack of jurisdiction since, pursuant to Ohio Revised Code Section 2506.01, the trial court has jurisdiction of such cause of action and claim for relief."

Appellants argue in their first assignment of error that the court of common pleas has original jurisdiction to determine whether the city illegally and erroneously levied income taxes on them in violation of R.C. 2723.01. They further argue that since R.C. 2723.01 provides for an original jurisdiction, the trial court erred in requiring that they file a praecipe, transcript or a supersedeas bond. We agree.

R.C. 2723.01 provides:

"*Courts of common pleas may enjoin the illegal levy or collection of taxes* and assessments *and entertain actions to recover them when collected,* without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected." (Emphasis added.)

R.C. 2723.01 is plain on its face and no further construction is needed. We hold, therefore, that barring the limitations as prescribed by the statute, a taxpayer's right to sue for illegal levy or collection of taxes is not contingent on his first filing a praecipe or a supersedeas bond. Any requirement that such filing be made before the court's jurisdiction attaches is inconsistent with the provisions of the law and therefore void. Accordingly, appellants' first assignment of error is sustained and the trial court erred in dismissing appellants' cause of action as it had jurisdiction over appellants' claim for relief.

IV

 Appellants argue in their second and third assignments of error that the trial court erred in denying their claim for injunctive and declaratory relief. We disagree, and uphold the trial court's decision. R.C. 2506.01 provides as follows:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.

"The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."

 Appellants' claim for relief is in equity. The law is settled in Ohio that equitable relief by the way of an injunction cannot be granted where there is adequate remedy at law. *Haig v. Ohio State Bd. of Edn.* (1992), 62 Ohio St.3d 507, 510, 584 N.E.2d 704, 707; see, also, *Gannon v. Perk* (1976), 46 Ohio St.2d 301, 308, 75 O.O.2d 358, 362, 348 N.E.2d 342, 347. Appellants' claim for declaratory judgment also fails "where another 'equally serviceable' remedy is provided." *Id.,* 62 Ohio St.3d at 511, 584 N.E.2d at 708. See, also, *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 135, 554 N.E.2d 1324, 1328. We are, therefore, not persuaded that appellants do not have an adequate remedy at law by filing an administrative appeal pursuant to R.C. Chapter 2506.

Appellants' second and third assignments of error lack merit and are overruled.

V

Appellants argue in their fourth assignment of error that the trial court erred in dismissing their action by holding that a supersedeas bond was required. Appellees successfully argued before the trial court that appellants were required to file a supersedeas bond and a praecipe in order to perfect their appeal and invoke the trial court's jurisdiction. R.C. 2505.06 provides as follows:

"Except as provided in section 2505.12 of the Revised Code, *no administrative-related appeal shall be effective as an appeal upon questions of law and fact until the final order appealed is superseded by a bond in the amount and with the conditions provided in sections* 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed." (Emphasis added.) See, also, *Ballado v. Cleveland Hts.* (1991), 76 Ohio App.3d 497, 602 N.E.2d 394.

Appellants in their appeal to the trial court requested a review "on both questions of law and fact the denial of their refund claim * * *." Since we reversed on the trial court's failure to proceed with the case as an original action under R.C. 2723.01, which does not require a bond, the issue of requiring a bond pursuant to R.C. 2505.12 is moot.

On the issue of praecipe, we note that the trial court granted appellants' motion to amend their appeal and file the required praecipe, thereby rendering the issue moot.

Appellants' fourth assignment of error is sustained. The trial court's judgment is reversed and the cause is remanded as to its failure to grant a hearing on appellants' complaint on illegal levy or collection of taxes, and affirmed on others consistent with this opinion.

*Judgment accordingly.*

NAHRA, P.J., and ANN McMANAMON, J., concur.