ASPINWALL et al., Appellants,

v.

MENTOR BOARD OF TAX REVIEW et al., Appellees.

[Cite as *Aspinwall v. Mentor Bd. of Tax Review,*
146 Ohio App.3d 466, 2001–Ohio–8896.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2000–L–207.

Decided Nov. 13, 2001.

Michael P. Frimel, for appellants.

I. James Hackenberg, Mentor Law Director, for appellees, Mentor Board of Tax Review and city of Mentor.

Cornell P. Carter, Cleveland Law Director, Kim D. Amponsah and William E. Gareau, Jr., Assistant Directors of Law, for appellee Central Collection Agency.

GRENDELL, Judge.

{¶1} This is an accelerated calendar appeal. Plaintiffs, James and Toni Aspinwall ("appellants"), appeal the November 20, 2000 judgment entry by the Lake County Court of Common Pleas, dismissing their administrative appeal in favor of the city of Mentor ("Mentor"), the Mentor Board of Tax Review, and the Central Collection Agency ("CCA"). Defendants are collectively referred to as "appellees" in some instances. For the following reasons, we affirm in part, reverse in part, and remand the lower court's judgment consistent with this opinion.

{¶2} In 1995, appellants won a substantial Ohio Lottery award. Appellants did not disclose their winnings when they filed a Mentor income tax return. In October 1996, Mentor demanded payment of municipal taxes on their winnings. Appellants paid the tax in two installments on October 23, 1996 and January 13, 1997. In a letter dated November 7, 1998, addressed to Mentor, appellants' attorney submitted a CCA tax refund request application for the taxes paid on appellants' winnings. Appellants' attorney also requested that all correspondences be sent to him. Appellants' application was forwarded to CCA, the tax collection agency for Mentor.

{¶3} On December 2, 1998, a CCA income tax auditor denied appellants' request, stating that lottery winnings were subject to municipal taxation. Subsequently, on March 17, 1999, appellants issued a power of attorney to Michael P. Frimel, their attorney. Thereafter, in a letter dated June 4, 1999, sent to Mentor and CCA, appellants stated that their refund request was denied, and they

elected not to appeal at that time; however, due to a recent decision, *Craft v. Willoughby Bd. of Review* (Mar. 25, 1999), Lake C.P. No. 97CV001921, they were again submitting their refund request for review.[1] Appellants attached their original CCA refund request application along with an addendum, stating they were requesting a refund based upon *Craft.* On September 10, 1999, CCA denied appellants' request, indicating that it did not recognize duplicate refund requests. On September 18, 1999, appellants appealed to the CCA tax administrator. On February 17, 2000, the tax administrator denied their appeal for several reasons. First, appellants failed to appeal the first denial of December 2, 1998. Second, CCA did not recognize duplicate refund requests. Third, any action to recover illegal collection of taxes under R.C. 2723.01 had to be brought within one year of their collection.

{¶4} Appellants did not appeal the tax administrator's decision to the Mentor Board of Review; rather, appellants filed an appeal with the trial court on March 2, 2000, pursuant to R.C. Chapters 2505 and 2506. Appellees filed a joint motion to dismiss, claiming that appellants' second refund request was barred by res judicata, and, even if res judicata was not applicable, appellants failed to exhaust their administrative remedies as to their second request. Appellants filed a brief in opposition, arguing that their attorney was not given a copy of the December 2, 1998 denial notice and the change in the law retrospectively applied to them since the December 2, 1998 denial was a mistake of law. On November 20, 2000, in an opinion and judgment entry, the trial court granted appellees' motion to dismiss, stating that the June 4, 1999 refund request involved the same tax year and was an attempt to relitigate an already decided issue. The trial court also stated that even if res judicata was not applicable, appellants failed to exhaust their administrative appeals in their second refund request of June 4, 1999. The court added that CCA's regulation and the Mentor ordinance barred disclosure of information to anyone other than the taxpayer, and, at that time, appellants had not yet signed a power of attorney.

{¶5} Appellants filed a timely notice of appeal, asserting two assignments of error. In appellants' first assignment of error, appellants contend that res judicata is not applicable because the December 2, 1998 denial is not a valid, final judgment because it was based upon inadequate notice. Appellants also opine that the trial court improperly applied Article 23:09 of CCA's regulations and Section 92.56 of Mentor's ordinances when the court stated that their attorney was not yet authorized to receive such confidential information.

---

**1.** In *Craft,* the trial court determined that the Willoughby municipal ordinance did not include lottery winnings as "business income"; therefore, they were not subject to municipal taxation by Willoughby.

{¶6} In appellants' second assignment of error, appellants argue that all administrative appeals were exhausted before filing their appeal with the trial court because their June 4, 1999 request was improperly construed as a new refund request as opposed to an appeal to the tax administrator. Appellants aver, even so, that administrative appeals do not have to be exhausted in matters concerning illegal tax collection under R.C. 2723.01.

{¶7} Each of appellants' arguments in their assignments of error will be addressed individually. The arguments raised in appellants' assignments of error concern *only* the grant of appellees' motion to dismiss their administrative appeal on the grounds of res judicata and/or failure to exhaust all administrative appeals. No other issues are before us.

■■■ {¶8} Briefly, this court and other courts have recognized that res judicata may not be raised pursuant to a Civ.R. 12(B) motion to dismiss. *Karlen v. Steele* (Sept. 15, 2000), Trumbull App. No. 99–T–0076, 2000 WL 1335785; see, also, *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702. However, review of the case law reveals that this holding has been applied to motions to dismiss in original actions, *not* appeals from administrative agency decisions. Moreover, the failure to object to a procedural flaw results in a waiver of the error on appeal. *Westlake v. Rice* (1995), 100 Ohio App.3d 438, 441, 654 N.E.2d 181; *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137. In *Structural Sales Corp. v. Boston Hts. City Council* (Jan. 13, 1999), Summit App. No. 19020, 1999 WL 11264, the Ninth Appellate District addressed the issue of a motion to dismiss on grounds of res judicata in an administrative appeal to the trial court. The court held that since the case was an appeal from an administrative agency's decision, there were no responsive pleadings in which the defendant could have raised the defense of res judicata. Id. Further, the court stated that the plaintiffs did not object when the defendant raised res judicata in its motion to dismiss, nor did the plaintiffs move the trial court to strike the motion. Id. Thus, the court concluded the plaintiffs waived any error by the trial court in ruling on the defendant's motion to dismiss their administrative appeal on the ground of res judicata. Id.

■■■ {¶9} Next, we address the appropriate standard of review for an administrative appeal. An appellate court's review of an administrative appeal is limited to determining whether the trial court abused its discretion in reaching its conclusion, meaning that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Rimes v. Ohio Dept. of Human Serv.* (Jan. 26, 2001), Lake App. No. 99–L–068, 2001 WL 65574, citing *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. A trial court does not sit as a trier of fact in an administrative appeal; rather, when reviewing an administrative appeal, a trial court may not substitute its judgment for that of the

agency unless there is lack of a preponderance of reliable, probative, and substantial evidence to support the agency's decision. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 35, 12 OBR 26, 465 N.E.2d 848; see, also, R.C. 2506.04.

{¶10} We begin with appellants' argument that their June 4, 1999 request was improperly construed. A decision was rendered on December 2, 1998, denying appellants' CCA refund request for the taxes collected on their 1995 lottery winnings. More than six months later, in a June 4, 1999 letter, appellants' attorney stated:

{¶11} "In December of 1998, the City of Mentor, through the Central Collection Agency, denied this request. *At that time we elected not to file an appeal.* Since the original submission and denial, there has been a change in the law * * *. As a result, we are *again submitting a request for the refund of taxes* collected * * *. I would ask that the respective agencies *again review my client's* [sic] *request* * * *." (Emphasis added.)

{¶12} Appellants attached their original CCA refund application along with an addendum, referencing the trial court's decision in *Craft.* Additionally, in appellants' March 2, 2000 notice of appeal to the trial court, appellants explicitly stated that no appeal was filed from the December 2, 1998 ruling. Based upon appellants' acknowledgments that they elected not to appeal the December 2, 1998 denial and the span of time between the December 2, 1998 denial and appellants' June 4, 1999 letter, we cannot say that CCA improperly construed appellants' June 4, 1999 letter as a new tax refund request.

{¶13} Next, we address appellants' argument that res judicata is not applicable to the December 2, 1998 denial. The doctrine of res judicata is applicable to quasi-judicial decisions by administrative agencies from which no appeal is taken. *Cole v. Complete Auto Transit, Inc.* (1997), 119 Ohio App.3d 771, 777, 696 N.E.2d 289; *Wade v. Cleveland* (1982), 8 Ohio App.3d 176, 8 OBR 236, 456 N.E.2d 829, paragraph two of the syllabus. In order for res judicata to apply, the parties and issues in the proceedings must be identified. Id. Res judicata precludes relitigation of the same issue when there is mutuality of the parties and when a final decision has been rendered on the merits. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. In the case sub judice, a decision, involving appellants, Mentor, and CCA and concerning appellants' CCA refund application for taxes paid on their 1995 lottery winnings, was rendered on December 2, 1998, from which appellants did *not* appeal. Clearly, appellants' June 4, 1999 letter, requesting another review of their original CCA refund application, involved the same parties and issue. Appellants' June 4, 1999 request is barred by the doctrine of res judicata.

{¶14} As to appellants' argument that there was inadequate notice to their attorney, Section 92.56 of the Mentor Code of Ordinances and Section 23:09 of the CCA rules and regulations address the confidential nature of the information obtained as a result of any return, investigation, verification, or hearing. Both sections provide that such information may be disclosed *only* for official purposes or by judicial order. The trial court's November 20, 2000 opinion and judgment entry state, at the time of the December 2, 1998 decision, that appellants had not yet signed a power of attorney; thus, CCA and Mentor were barred from disclosing information to anyone other than the taxpayer. Although Section 27:02(2)(e) of the CCA rules indicates that Section 191.2309 of the Cleveland income tax ordinance provides that the board of review cannot recognize any attorney unless he is authorized by the taxpayer by a power of attorney, the Mentor ordinances and the CCA itself do *not* contain such a provision. Moreover, the attorney/client relationship is essentially based upon agency principles and such a relationship would constitute an "official purpose" where the information obtained from any return, investigation, verification, or hearing may be disclosed to the attorney under Section 92.56 of the Mentor Code of Ordinances and Section 23:09 of the CCA rules.

{¶15} In the instant case, although the record does not demonstrate whether CCA did or did not forward a copy of the December 2, 1998 denial notice to appellants' attorney, appellants received a copy of the December 2, 1998 denial notice that was addressed to them at their Florida address. Assuming that CCA did not forward a copy of the December 2, 1998 denial notice to appellants' attorney, appellants' attorney was entitled to notice of the December 2, 1998 decision. However, appellants cannot show any prejudice because the June 4, 1999 refund request indicates that appellants discussed the December 2, 1998 denial with their attorney and decided on their course of action which was not to pursue a further appeal. The June 4, 1999 letter by appellants' attorney states, "In December of 1998, the City of Mentor, through the Central Collection Agency, denied this request. *At that time we elected not to file an appeal.*" (Emphasis added.)

{¶16} Moreover, appellants cite *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 554 N.E.2d 1324; however, the factual circumstances of *Swander Ditch Landowners' Assn.* are substantially distinguishable from the facts of the instant case. *Swander Ditch Landowners' Assn.* deals with an administrative appeal from the board of county commissioners where notice of the board's decision was mailed to the landowners, but not to their attorneys of record. Walter Ball, a member of the Swander Ditch Landowner's Association, failed timely to inform his attorney of the notice as a result of his erroneous interpretation that the notice did not require any

other action beyond counsel's complaint. Id. at 134, 554 N.E.2d 1324. The Supreme Court of Ohio held that service was required upon the attorney because counsel was in a better position to understand the legal import of any documents served on his client and the nature of the action to be taken. Id. Unlike the instant case, the same concerns raised by the Supreme Court of Ohio in *Swander Ditch Landowners' Assn.* do not exist. The June 4, 1999 letter by appellants' attorney indicates that appellants were aware of the importance of the December 2, 1999 denial notice, they discussed it with their attorney, and decided, at that time, not to pursue a further appeal. Accordingly, appellants cannot show any prejudice arising from the failure to send their attorney a copy of the December 2, 1998 denial notice.

{¶17} Next, we address appellants' argument that even if they failed to exhaust their administrative appeal, R.C. 2723.01 gives a trial court original jurisdiction to enjoin the illegal levy or collection of taxes. Generally, a party must exhaust all available avenues of administrative relief before appealing to the trial court; however, when seeking to enjoin an illegal collection of taxes, pursuant to R.C. 2723.01, a party does not have to exhaust all administrative remedies. *Rocca v. Wilke* (1977), 53 Ohio App.2d 8, 7 O.O.3d 12, 371 N.E.2d 223. Rather, a trial court has original jurisdiction to enjoin the illegal collection of taxes pursuant to R.C. 2723.01. *Fox v. Lakewood* (1992), 84 Ohio App.3d 202, 205, 616 N.E.2d 588. In the case presented, appellants' appeal to the trial court was an administrative appeal pursuant to R.C. Chapters 2505 and 2506, not an original action pursuant to R.C. 2723.01. Appellants may *not* cite R.C. 2723.01 in an administrative appeal. Moreover, such an original action under R.C. 2723.01 must be brought within one year after the taxes are collected. Therefore, even assuming that appellants' March 2, 2000 appeal was an original action filed in the trial court pursuant to R.C. 2723.01, the collection of appellants' last tax installment occurred on January 13, 1997. Clearly, appellants would have failed to satisfy the one-year statute of limitations.

{¶18} For the foregoing reasons, appellants' assignments of error are without merit. At this time, it is necessary to address an error made by the trial court in its November 20, 2000 opinion and judgment entry. Pursuant to an administrative appeal to a trial court, the trial court acts as a reviewing court. Hence, the Rules of Civil Procedure are not applicable; rather, the Rules of Appellate Procedure are appropriate. App.R. 12(A)(1) provides that a reviewing court shall affirm, reverse, or modify the judgment or final order appealed. Furthermore, R.C. 2506.04 provides that in an administrative appeal, a court may "affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court."

Clearly, a trial court may not dismiss an administrative appeal because such action is not authorized except for jurisdictional reasons.

{¶19} Accordingly, although the trial court's conclusions as to the merits of appellants' administrative appeal are correct, we affirm in part, reverse in part, and remand this case to the trial court so the November 20, 2000 opinion and judgment entry can reflect a proper conclusion by the trial court, i.e., an affirmance instead of a dismissal.

Judgment accordingly.

FORD, P.J., and CHRISTLEY, J., concur.