[Cite as *Skeens v. Gambill*, 2024-Ohio-176.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| BILLIE SKEENS | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-24 |
| | : | |
| v. | : | Trial Court Case No. 2023 CVIT 00461 |
| | : | |
| DARLA GAMBILL | : | (Civil Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 19, 2024

. . . . . . . . . . .

JEREMY M. TOMB, Attorney for Appellant

BILLIE SKEENS, Pro Se Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Darla Gambill appeals from a judgment of the Small Claims Division of the Miami County Municipal Court awarding Plaintiff-Appellee Billie Skeens $850 plus interest and costs. For the following reasons, we will affirm the

judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} On March 17, 2023, Skeens filed a complaint seeking $850 from Gambill plus interest and costs.   Under the section entitled "STATEMENT OF CLAIM," Skeens stated:

I purchased land from Mrs. Gambill. July 2021 she decided not to sell.   Stated she would reimburse for site, soil, new address when I provided receipts.   I provided those around 7/21/21 via text, again via regular mail 12/12/21 and my lawyer sent two notices.   No payment has been made and she refuses to reimburse as she agreed in writing.   8/29/22 she stated in texts she put it in a bank account she has for my child.

{¶ 3} On April 26, 2023, a trial was conducted by Acting Judge James D. Utrecht. Skeens and Gambill testified.   Skeens explained that Gambill is the grandmother of one of Skeens' children.   Skeens entered into an agreement with Gambill and Gambill's husband to purchase land from them in return for a payment of $50,000.   Skeens paid them $50,000.   According to Skeens, after Gambill's son passed away, there was a family disagreement.   Gambill and Gambill's husband decided that they did not want Skeens to build a house near them.   Although they returned the original money that Skeens paid them for the land, Skeens had incurred costs related to soil testing and site preparation, as well as costs incurred to create an address for the empty field.   Skeens testified that Gambill agreed to reimburse these costs if Skeens provided Gambill with the receipts for those costs.   Skeens introduced text messages between her and Gambill

regarding Gambill's agreement to reimburse those costs. Skeens further testified that she sent the requested information to Gambill at least three times but Gambill never reimbursed the costs.

{¶ 4} Gambill also testified about the agreement to sell land to Skeens and the agreement to reimburse costs incurred by Skeens. She explained:

> There was some issues raised from (inaudible) where we confronted Mrs. Skeens about it. My husband proceeded to ask her if she thought being on that land, the five (5) acres she was purchasing from us, would be too close for our granddaughter to be with us. She stated yes. He gave her back the money and that's when he said we will repay you the money that you spent out and I told her I wanted all of the paper: there's a soil test that comes back after you pay the three hundred fifty (350) to Deaton Soils, they will send you the report. I have not seen that report. She never, she just gave me the, or the receipt, she never give me the reports. That's what I was asking for.

Trial Tr. 13. Gambill also testified that Skeens told her in December 2021 that Skeens "had gotten rid of the paperwork." *Id.* at 14.

{¶ 5} At the close of the trial, the trial court orally granted judgment in favor of Skeens. On April 27, 2023, the trial court issued a written judgment entry in favor of Skeens in the amount of $850, plus court costs and interest from the date of judgment at the rate of 3% per annum. The entry was signed by "Acting Judge James D. Utrecht." The bottom of the judgment entry stated that the judgment would be mailed to Billie

Skeens and Jeremy M. Tomb, attorney for Gambill.

{¶ 6} On May 17, 2023, Gambill filed a "Motion for Leave to File Objections Out of Time." According to the memorandum in support of the motion, "Counsel for Defendant did not receive a copy of the Entry via mail. It was not until Counsel for Defendant searched the Miami County Municipal Court docket and found the Entry." Gambill attached an affidavit of Attorney Tomb to the motion for leave, which stated he had not received a copy of the judgment entry via regular mail. Gambill requested an order from the trial court "granting Defendant relief to file her Objections out of time." The trial court granted Gambill's motion for leave.

{¶ 7} On June 16, 2023, Gambill filed objections to the April 27, 2023 judgment entry. According to the objections, "Plaintiff's claims are barred by want of consideration or failure of consideration, or both. Receipts, in and of their own, provided no benefit to Defendant. Plaintiff breached the verbal agreement between the Parties and is entitled to no damages on her claim." Further, Gambill contended that "Plaintiff's claim is barred for failure of conditions precedent. In short, Plaintiff failed to perform her contractual duties, relieving Defendant of her obligation to pay Plaintiff."

{¶ 8} On July 18, 2023, Acting Judge Utrecht issued an order overruling Gambill's objections to the April 27, 2023 judgment entry. The order stated, in part: "The Court finds that the undersigned decided this case and granted final judgment as Acting Judge on April 27, 2023. Therefore, the filing of the Objections to a Magistrate's Order were not proper. An appeal to the Second District would have been the proper avenue for the Defendant, but that time has expired. Accordingly, the Objections are overruled[.]"

{¶ 9} On July 20, 2023, Gambill filed a motion for reconsideration of her objections. The trial court overruled the motion for reconsideration on August 3, 2023. Attached to the August 3, 2023 decision was a file-stamped copy of an April 26, 2023 entry appointing James D. Utrecht acting judge. Gambill then filed an August 11, 2023 notice of appeal.

## II. Gambill Timely Filed Her Notice of Appeal

{¶ 10} Gambill's first assignment of error states:

The Trial Court's service of an Order on a represented party and not their attorney does not comply with Civil Rules 5 and 58.

{¶ 11} Gambill did not file her notice of appeal challenging the trial court's April 27, 2023 judgment until August 11, 2023, which was well outside the 30 days in which an appellant must file a notice of appeal. App.R. 4. However, Gambill points out that the April 27, 2023 decision was served upon her but not her attorney of record. "Thus, the time for objecting to the Magistrate's Opinion and for filing of the appeal did not and has not run because the clerk of court's [sic] has never served the entry upon Jeremy M. Tomb in contravention of Civil Rules 58(B) and 5(B)." Appellant's Brief, p. 6. As a result, Gambill "respectfully requests this Court to overturn the April 27, 2023 Magistrate's Decision." *Id.*

{¶ 12} In order to resolve this assignment of error, we must analyze the interplay between Civ.R. 58(B) and App.R. 4 and 5. Civ.R. 58(B) provides:

When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to

appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

{¶ 13} App.R. 4(A)(1) provides that "[s]ubject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(3) then provides that "[i]n a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." Further, Civ.R. 5(B)(1) provides, in part: "Whenever a party is not represented by an attorney, service under this rule shall be made upon the party. If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party."

{¶ 14} Thus, " 'the thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B).' " *In re A.A.*, 8th Dist. Cuyahoga No. 85002, 2005-Ohio-

2618, ¶ 12, quoting *Whitehall ex rel. Fennessy v. Bambi Motel, Inc.*, 131 Ohio App.3d 734, 741, 723 N.E.2d 633 (10th Dist.1998). "In civil cases, where the trial court never instructed the clerk to send notices to the parties and where no notices were sent in compliance with Civ.R. 58(B), the appeal, even if it is filed past the 30 day deadline, is deemed timely under App.R. 4(A)." *State v. Smith*, 7th Dist. Jefferson No. 05 JE 49, 2006-Ohio-4614, ¶ 26, citing *Bambi Motel* at 741.

**{¶ 15}** The record before us reflects that the trial court included in its judgment entry a notation at the bottom of the entry that Skeens and Attorney Tomb would be copied on the judgment entry. However, the Miami County Municipal Court's docket and journal entries state that the April 27, 2023 judgment was served on Billie Skeens and Darla Gambill. There is no notation that the judgment was served on Gambill's attorney. Further, Gambill submitted to the trial court an affidavit of her attorney stating that he was not served with a copy of the April 27, 2023 judgment.

**{¶ 16}** We conclude that the 30-day time for filing the notice of appeal from the April 27, 2023 judgment did not begin to run due to the clerk of courts' failure to mail the judgment to Gambill's attorney. *See Swander Ditch Landowners' Assn. v. Joint Bd. of Huron and Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 134, 554 N.E.2d 1324 (1990). Therefore, Gambill's August 11, 2023 notice of appeal was timely filed, and we will consider the merits of Gambill's next two assignments of error. However, we will not grant the specific relief requested in Gambill's first assignment of error "to overturn the April 27, 2023 Magistrate's Decision" based solely on the clerk's failure to serve Gambill's attorney. Rather, this failure simply extended the time in which she could file a notice of

appeal from that judgment.

**{¶ 17}** The first assignment of error is overruled.

III.     The Trial Was Held Before an Acting Judge, Not a Magistrate

**{¶ 18}** Gambill's second assignment of error states:

A small claims hearing assigned to the Magistrate is handled by the Magistrate pursuant to Civil Rule 53.

**{¶ 19}** Gambill contends "that the Magistrate's decision of April 26, 2023 has not become a final appealable order because a judge of the Court has not independently reviewed the decision, adopted or modified the decision, and entered a judgment that determines all the claims.   Defendant filed an appeal because that was the only way to address the actions of the magistrate and trial court."   Appellant's Brief, p. 9.

**{¶ 20}** The April 27, 2023 judgment entry was signed by "ACTING JUDGE JAMES D. UTRECHT."   The record contains an April 26, 2023 "Journal Entry Appointing Acting Judge" that states:

It appearing to the Court that Judge Gary A. Nasal will be tentatively be [sic] out of the office on Wednesday, April 26, 2023 and is therefore unavailable;

IT IS HEREBY THE ORDER OF THE COURT that James D. Utrecht, an attorney whom is licensed to practice law in the State of Ohio, and meeting the statutory requirements of an Acting Judge is therefore appointed Acting Judge of the Miami County Municipal Court effective for

the date of April 26, 2023.

**{¶ 21}** Further, the record contains an April 26, 2023 filing entitled "IN RE: OATH OF OFFICE FOR ACTING JUDGE." That filing was signed by James D. Utrecht and by Miami County Municipal Court Judge Gary A. Nasal, who certified that Utrecht had personally appeared before him and took the oath of office. The filing was time-stamped at 8:00 a.m. on April 26, 2023. Apparently, Utrecht was appointed acting judge pursuant to R.C. 1901.121, which provides for the appointment of an acting judge when a municipal judge is temporarily absent.

**{¶ 22}** Despite the evidence in the record that Utrecht was an acting judge rather than a magistrate at the time of the April 26, 2023 trial, Gambill contends that Utrecht was acting as a magistrate rather than an acting judge at the time of the trial. In support of her position, Gambill explains that the transcript from the April 26, 2023 trial referred to Utrecht as a magistrate judge rather than an acting judge and the April 27, 2023 docket entry referred to a "Magistrate's Decision & Entry." According to Gambill, "[n]either Defendant nor Defense counsel was aware James D. Utrecht possessed any capacity other than a magistrate on April 26, 2023." Appellant's Brief, p. 9. Gambill then argues that "Defendant has no ability to object to James D. Utrecht being anything other than a magistrate." *Id.*

**{¶ 23}** We are not persuaded by Gambill's argument. As Gambill notes, a trial court speaks through its journal entries. There is no journal entry in the record before us appointing James D. Utrecht as a magistrate or assigning the trial of the matter to a magistrate. But there is a journal entry in the record appointing Utrecht as an acting

judge in Miami County Municipal Court on the morning of April 26, 2023, the date of the trial. Further, the April 27, 2023 judgment entry at issue in this appeal was signed by "ACTING JUDGE JAMES D. UTRECHT."

**{¶ 24}** On the record before us, we must conclude that Utrecht was an acting judge, not a magistrate, during the April 26, 2023 trial. Therefore, Gambill had no right under Civ.R. 53 to file objections to the April 27, 2023 judgment entry, and the trial court did not err in refusing to rule on the merits of Gambill's objections.

**{¶ 25}** The second assignment of error is overruled.

IV.     The Trial Court's Judgment Is Not Against the Manifest Weight of the Evidence

**{¶ 26}** Gambill's third assignment of error states:

The Magistrate's decision in favor of the Plaintiff is contrary to the law of Ohio and against the Manifest Weight of the evidence.

**{¶ 27}** In her final assignment of error, Gambill contends that there was no valid contract to enforce, because Skeens provided no consideration to Gambill in return for the promise to reimburse costs incurred by Skeens. According to Gambill, "Plaintiff had incurred the costs for which she was seeking reimbursement before her voluntary release of the contract to purchase the land from the Defendant. It was only after the release of the contract that Defendant offered to pay for the Plaintiff's incurred cost provided Plaintiff deliver all the documents generated by the services that Plaintiff hired." Appellant's Brief, p. 13. Further, Gambill argues that there was a failure of a condition precedent

precluding performance by Gambill, because she "made her promise to pay the funds requested by Plaintiff dependent upon Plaintiff providing the soil test results, documents, and receipts. Plaintiff admitted that was the agreement. The parties also agreed the Plaintiff only provided the receipts and "did not provide any of the documents that were previously created and reflected in the receipts." *Id.*

{¶ 28} When evaluating whether a judgment is against the manifest weight of the evidence in a civil case, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the court "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶ 29} Skeens testified that she entered into an agreement with Gambill and Gambill's husband to purchase land from them in return for a payment of $50,000. It is undisputed that Skeens paid them $50,000. According to Skeens, after Gambill's son passed away, there was a family disagreement. As a result, Gambill and Gambill's husband decided that they did not want Skeens to build a house near them. Although they returned the original money that Skeens paid them for the land, Skeens had incurred additional costs related to soil testing and site preparation, as well as costs incurred to

create an address for the empty field. Further, Skeens testified that Gambill agreed to reimburse the additional incurred costs if she provided Gambill with the receipts for those costs. Finally, Skeens testified that she sent the requested information to Gambill at least three times but Gambill never reimbursed the costs.

{¶ 30} Gambill disagreed with Skeens' version of events. In particular, Gambill characterized the decision to not sell the property to Skeens as more of a mutual decision of both parties rather than a unilateral decision by the Gambills. Also, Gambill testified that her promise to pay Skeens for the additional, incurred costs was contingent on Skeens providing "all of the paper." While Gambill conceded that Skeens provided her with receipts of the incurred costs, Gambill wanted additional paperwork relating to the results of the soil test that was performed.

{¶ 31} Skeens' testimony supported the trial court's judgment. For example, Skeens' testimony supported a finding that Gambill and Gambill's husband had breached a contract to sell land to Skeens. As a result of that breach, Skeens was entitled to reliance damages to recover any expenses she had reasonably incurred in anticipation of the sale. *See White v. Nemastil*, 29 Ohio App.3d 1, 6, 503 N.E.2d 189 (8th Dist.1985). Further, Skeens' testimony supported the conclusion that Gambill had agreed to reimburse the incurred costs if Skeens provided documentation related to those incurred costs. Skeens testified that she provided that documentation.

{¶ 32} While Gambill disputes Skeens' version of events, the existence of conflicting evidence and testimony does not make a trial court's judgment against the manifest weight of the evidence. Instead, as a court of review, we give every reasonable

presumption in favor of the judgment and the findings of fact made by the trial court. *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988). "[I]f the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." *Id.* The evaluation of evidence and assessment of credibility are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶ 33} Based on the record before us, we cannot conclude that the trial court's decision to believe Skeens' version of events over Gambill's version was against the manifest weight of the evidence or that the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

{¶ 34} The third assignment of error is overruled.


V.      Conclusion

{¶ 35} Having overruled all the assignments of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


EPLEY, P.J., and TUCKER, J., concur.