[Cite as *Salida Invest. Group v. Lake Cty. Util. Dept.*, 2015-Ohio-5066.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO


THE SALIDA INVESTMENT GROUP    :    **O P I N I O N**
d.b.a. JOEY'S ITALIAN GRILLE,

       : 

       Plaintiff-Appellant,

       :    **CASE NO. 2015-L-004**

     - vs -

       : 

LAKE COUNTY UTILITIES DEPARTMENT,

       : 

       Defendant-Appellee.


Administrative Appeal from the Lake County Court of Common Pleas, Case No. 14 CV 000901.

Judgment: Reversed and remanded.


*Richard N. Selby, II*, Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077. (For Plaintiff-Appellant).

*Charles E. Coulson,* Lake County Prosecutor, and *Michael L. DeLeone*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Defendant-Appellee).


THOMAS R. WRIGHT, J.


{¶1} Appellant, Salida Investment Group, appeals the trial court's dismissal of its administrative appeal from the Lake County Utilities Board of Appeals for failure to post a supersedeas bond. Appellant asserts that, given the nature of the issues it intended to raise, a supersedeas bond is not required. For the following reasons, the dismissal is reversed.

{¶2} Appellant is the owner of a restaurant in Madison Township, Lake County, Ohio. When the restaurant moved to its current location in 2002, appellant received a bill from appellee, Lake County Utilities Department, covering initial tap-in/capacity fees for water treatment and wastewater treatment. Appellant paid the initial fees, and thereafter paid a quarterly fee for water usage.

{¶3} As of 2002, the restaurant had a seating capacity of 132 customers inside its building as well as an outdoor patio where the restaurant served additional customers during the summer months. Appellant was issued an occupancy permit for 350 persons.

{¶4} Ten years later, appellant enclosed a section of the patio area. When the enclosure was complete, appellant was issued a new occupancy permit. This prompted appellee to investigate whether appellant should be charged additional tap-in/capacity fees. Appellee monitored the restaurant's water usage over a period of time, and at the conclusion, sent appellant notice that it was liable for additional tap-in/capacity fees of $5,721.90 for water treatment and $24,095.62 for wastewater treatment.

{¶5} Appellant appealed to the Lake County Utilities Board of Appeals. On February, 27, 2014, the board held an oral hearing, during which the parties presented evidence. One month later, the board upheld the additional tap-in/capacity fees.

{¶6} Appellant appealed the board's ruling to the common pleas court. In its notice of appeal, appellant stated that the appeal would raise questions of both law and fact.

{¶7} After the transcript of proceedings was filed, appellant submitted its brief on the merits of its appeal. In response, appellee moved for dismissal on the basis that

2

appellant failed to file a supersedeas bond in conjunction with the notice of appeal. Citing R.C. 2505.06, appellee argued that, because the appeal involved *both* law and fact, appellant had a statutory duty to post a supersedeas bond in order to invoke the trial court's jurisdiction.

{¶8} In response, appellant ceded that R.C. 2505.06 requires a supersedeas bond when an administrative appeal is one of both law and fact. However, appellant maintained that a "bond" was not required because, notwithstanding the statement in its notice of appeal, it only intended to argue questions of law on appeal. Finally, appellant requested that it be afforded additional time to post the bond should one be required.

{¶9} In its dismissal entry, the trial court found that since appellant advanced a law and fact appeal, a supersedeas bond was necessary. The court also found that, because the statute expressly requires that the bond be posted simultaneously with the filing of the notice of appeal, appellant's failure to post the bond warranted immediate dismissal.

{¶10} In appealing the trial court's decision, appellant asserts one assignment of error:

{¶11} "The trial court erred by granting the Lake County Utilities Department's motion to dismiss."

{¶12} In claiming that it was not obligated to file a supersedeas bond, appellant asserts that the trial court mischaracterized the nature of the issues it intended to argue during the proceeding. As noted above, the trial court made a specific finding that appellant had already asserted issues of both law and fact in the appeal, and was therefore mandated to post a supersedeas bond under R.C. 2505.06. Appellant asserts

3

that this finding is incorrect because it only intended to argue questions of law. Specifically, appellant contends its sole argument pertains to whether appellee has the authority under its own regulations to charge additional tap-in/capacity fees ten years after the initial assessment.

{¶13} "Appeals of administrative decisions to Ohio courts are governed by R.C. Chapters 2505 and 2506." *Liberty Savings Bank v. Kettering*, 101 Ohio App.3d 446, 448 (2d Dist.1995). R.C. 2506.01 delineates which administrative orders are subject to appeal to a common pleas court. The remainder of R.C. Chapter 2506 sets forth the procedure to be followed once an administrative appeal has been properly filed. Requirements for "perfecting" an administrative appeal are governed by R.C. Chapter 2505.

{¶14} An administrative appeal is "perfected" through the submission of a written notice of appeal to the administrative body that rendered the decision or order. R.C. 2505.04. In relation to the substance of the notice of appeal, R.C. 2505.05 provides:

{¶15} "The notice of appeal described in section 2505.04 of the Revised Code shall conform, in the case of an appeal of a final order, judgment, or decree of a court, with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court and shall designate, in the case of an administrative-related appeal, the final order appealed from and whether the appeal is on questions of law or questions of law and fact. * * * In the case of an administrative-related appeal, the failure to designate the type of hearing upon appeal is not jurisdictional, and the notice of appeal may be amended with the approval of the appellate court for good cause shown."

{¶16} The foregoing references two types of administrative appeals: (1) an

4

appeal on questions of law; and (2) an appeal on questions of law *and* fact. The distinction between the two is described in R.C 2505.01(A):

{¶17} "(2) 'Appeal on questions of law' means a review of the cause upon questions of law, including the weight and sufficiency of the evidence.

{¶18} "(3) 'Appeal on questions of law and fact' or 'appeals on questions of fact' means a rehearing and retrial of a cause upon the law and the facts."

{¶19} For purposes of an appeal from a final judgment of a court, the governing provisions no longer recognize different types of appeals. App.R. 2 expressly abolishes an appeal on questions of law and fact. However, in light of the distinctions drawn in R.C. 2505.01 and 2505.05, two types of administrative appeals remain. As to the importance of distinguishing between the two, R.C. 2506.03 sets forth a procedure under which the common pleas court will hear additional evidence in deciding an administrative appeal.

{¶20} The distinction between the two types of administrative appeals is critical to the proper application of the controlling statute, i.e. R.C. 2505.06, as this provision governs the posting of a supersedeas bond in conjunction with the notice of appeal:

{¶21} "Except as provided in section 2505.12 of the Revised Code, no administrative-related appeal shall be effective as an appeal under questions of law and fact until the final order appealed is superseded by a bond in the amount and with the conditions provided in sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed."

{¶22} In interpreting R.C. 2505.06 in conjunction with the other relevant statutes in R.C. Chapter 2505, the filing of a supersedeas bond is not mandated when the

5

administrative appeal is based upon questions of law alone. *Nutter v. Concord Twp. Bd. of Zoning Appeals*, 11th Dist. Lake No. 92-L-118, 1993 Ohio App. LEXIS 3337, *10-11 (June 30, 1993). Accordingly, the bond requirement only applies when appellant advances an appeal on questions of law and fact. The *Nutter* court also recognized that if the bond requirement is applicable in a given case, the failure to timely submit the bond with the notice of appeal deprives the common pleas court of jurisdiction to proceed, at least in relation to any fact appeals. *Id.* at *9-11.

**{¶23}** In our case, appellant's notice of appeal states that the appeal is on questions of law and fact. By failing to post a supercedeas bond, however, appellant did not properly invoke the trial court's jurisdiction to hear an administrative appeal on both law and fact.

**{¶24}** However, the foregoing does not end our analysis. In *Nutter*, *supra*, this court held that, when the lack of a supersedeas bond deprives the common pleas court of the authority to go forward on questions of both law and fact, the appeal proceeds on questions of law alone if the nature of the questions of law are such that they can be decided without a fact appeal. *Nutter*, 1993 Ohio App. LEXIS 3337, at *10-11. *See, also, Liberty Savings Bank*, 101 Ohio App.3d at 449-450. Thus, the *Nutter* court remanded for the common pleas court to determine whether that appeal could go forward on questions of law alone. *Id.* Under *Nutter*, the failure to post a supersedeas bond under R.C. 2505.06 is only fatal to the "fact" portion of the appeal. R.C. 2505.01(A)(3).

**{¶25}** At least one appellate district appears to have concluded that the failure to timely post the supersedeas bond when necessary mandates the immediate dismissal

6

of *all* aspects of an administrative appeal. *See Ballado v. City of Cleveland Heights*, 76 Ohio App.3d 497, 498 (8th Dist.1991). But, when R.C. 2505.06 is read in conjunction with the other provisions of R.C. Chapter 2505, there can be no dispute that the "bond" requirement only applies when the appellant also advances a fact appeal. Accordingly, in the absence of a bond, appellant is permitted to go forward on a law appeal so long as a factual appeal is not necessary to decide the questions of law.

{¶26} In responding to the motion to dismiss, appellant argued that despite the notice of appeal, its appeal was one of law alone. However, the trial court did not address appellant's argument in its judgment. Instead, the court found that since appellant did not post a supersedeas bond despite characterizing the appeal as one of both law and fact, dismissal was required. As the court did not engage in the entire analysis required under *Nutter*, the case is remanded for further proceedings.

{¶27} Appellant's sole assignment of error is well taken. The trial court's judgment is reversed, and the case is hereby remanded for further proceedings consistent with this opinion.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

7